United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARY N. NARDOLILLO,<br><br>    Plaintiff,<br><br>    v.<br><br>JPMORGAN CHASE BANK, N.A.,<br><br>    Defendant. | Case No. 16-cv-05365-WHO<br><br>**ORDER DENYING MOTION TO DISMISS**<br><br>Re: Dkt. No. 31 |

**INTRODUCTION**

Plaintiff Gary Nardolillo filed this action in Superior Court, seeking to prevent defendant JPMorgan Chase Bank, N.A. ("Chase") from pursuing foreclosure proceedings on his residence ("Property") based on alleged violations of the California Homeowners Bill of Rights ("HBOR"). Underlying all of these claims is Nardolillo's allegation that Chase did not have an ownership interest in the Note and Deed of Trust securing the Property and, therefore, did not have the authority to substitute former defendant MTC Financial, Inc., doing business as Trustee Corps ("Trustee Corps") to record a Notice of Sale on the Property.[1] Chase removed this action to federal court and moves to dismiss the claims against it, arguing that plaintiff has failed to state sufficient facts for any of his claims. While Chase may have valid arguments on summary judgment, the causes of action alleged are plausible because Nardillo has specifically identified why he asserts Chase did not own the Property and why he believes dual tracking has occurred. Chase's motion is DENIED.

---

[1] Trustee Corps filed a prior motion to dismiss, which was granted. Dkt. No. 25. Plaintiff was given leave to amend to assert facts against Trustee Corps, but did not do so. Therefore, Trustee Corps was dismissed with prejudice. Dkt. No. 39.

## BACKGROUND

In 2004, Nardolillo took out a loan with Washington Mutual Bank, FA ("WaMu") for $1,462,500. Complaint [Dkt. No. 1-1] ¶ 10. He executed a Promissory Note ("Note") and a Deed of Trust ("DOT") to secure the loan. *Id.* The DOT listed WaMu as the lender and beneficiary, and California Reconveyance Company ("CRC") as the trustee. *Id.*, Request for Judicial Notice ("RJN") [Dkt. No. 31-2], Ex. 1.[2]

Nardolillo then purchased the Property—5405 Greenville Road, Livermore, California—using the loan from WaMu as part of the purchase money. *Id.* ¶ 11. Soon after, plaintiff alleges that WaMu sold Nardolillo's DOT and Note to a mortgage-backed securitized trust. *Id.* ¶ 12. Nardolillo's "securitization audit indicates [his] loan was possibly sold to the WaMu Mortgage Pass-Through Certificates Series 2004-AR12 trust—a real estate mortgage investment conduit ('REMIC') registered with the Securities and Exchange Commission ('SEC')." *Id.*

In 2008, WaMu became insolvent and entered a receivership. *Id.* ¶ 13. The Federal Deposit Insurance Corporation ("FDIC") acted as the receiver. *Id.* Defendant JPMorgan Chase Bank, N.A. ("Chase") entered into a Purchase and Assumption Agreement ("PAA") to acquire "certain" of WaMu's assets. *Id.*; RJN, Ex. 2.[3] Nardolillo alleges his Note and DOT were not

---

[2] Chase requests I take judicial notice of the following: (1) Deed of Trust, recorded August 17, 2004; (2) Purchase and Assumption Agreement ("PAA"), dated September 25, 2008; (3) Corporate Assignment of Deed of Trust, recorded on October 20, 2014; (4) Notice of Default, recorded March 14, 2011; (5) Notice of Trustee's Sale, recorded on June 15, 2011; (6) Notice of Trustee's Sale, recorded on June 26, 2012; (7) Notice of Trustee's Sale, recorded on September 26, 2012; (8) Notice of Trustee's Sale, recorded March 5, 2013; (9) Notice of Trustee's Sale, recorded January 15, 2014; (10) Notice of Trustee's Sale, recorded April 17, 2014; (11) Notice of Trustee's Sale, recorded August 6, 2014; (12) Notice of Trustee's Sale, recorded January 20, 2016; and (13) Notice of Trustee's Sale, recorded July 7, 2016. Under Federal Rule of Evidence 201(b), a "court may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." A court may "take judicial notice of undisputed matters of public record." *Harris v. Cnty. of Orange,* 682 F.3d 1126, 1132 (9th Cir.2012) (internal citation omitted). I take judicial notice of Exhibits 1, 3-12 as they are public records. I also take judicial notice of Exhibit 2 because it is incorporated by reference in the Complaint. Compl. ¶¶ 13, 14.

[3] Section 3.1 of the PAA states: "[T]he assuming Bank hereby purchases from the Receiver, and the Receiver hereby sells, assigns, transfers, conveys, and delivers to the Assuming Bank, all right, title, and interest of the Receiver in and to all of the assets . . .of the Failed Bank whether or not reflected on the books of the Failed Bank as of Bank Closing." RJN, Ex. 2.

2

among the assets acquired by Chase through the PAA because they "possibly" had already been sold and securitized years earlier. *Id.* ¶ 14. Yet on March 14, 2011, Chase held itself out to be the beneficiary of Nardolillo's DOT and directed CRC as trustee to record a Notice of Default against the Subject Property. *Id.* ¶ 15. CRC recorded a Notice of Default, stating the amount due as of March 11, 2011 was $36,304.16. RJN, Ex. 4.

On October 20, 2014, in a recorded "Corporate Assignment of Deed of Trust," Chase purported to act as "attorney in fact" for the FDIC and to transfer all beneficial interest in Nardolillo's DOT to itself. *Id.* ¶ 16; RJN, Ex. 3. Nardolillo alleges this was a void assignment because: (1) Nardolillo's DOT was never among the assets received by the FDIC from WaMu and transferred to Chase; and (2) Chase was not authorized to serve as the attorney in fact for the FDIC at the time it executed and recorded the Corporate Assignment. *Id.* ¶ 17.

On April 17, 2015, Chase recorded a Substitution of Trustee, substituting former-defendant Trustee Corps in place of CRC as trustee under the DOT. *Id.* ¶ 18. Nardolillo alleges that this substitution is also void. *Id.* ¶ 19.

On July 7, 2016, Chase directed Trustee Corps to record a Notice of Trustee's Sale against the Subject Property. *Id.* ¶ 20; RJN, Ex. 13. On July 22, 2016, Nardolillo submitted his first loan modification application to Chase. *Id.* ¶ 21. However, defendants have continued to notice trustee's sale dates on the Property. *Id.*

Nardolillo filed this suit against Chase and Trustee Corps in state court, asserting three causes of action: (1) violation of California Civil Code § 2924.17; (2) violation of California Civil Code § 2923.6; and (3) violation California Civil Code § 2924(a)(6). Nardolillo seeks a declaration of the rights of the parties to the Property, injunctive relief to prevent defendants from asserting any interest in the Property or attempting to dispossess Nardolillo of the Property, and damages.

**LEGAL STANDARD**

Under Federal Rule of Civil Procedure 12(b)(6), a district court must dismiss a complaint if it fails to state a claim upon which relief can be granted. To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its

3

face." *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible when the plaintiff pleads facts that "allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). There must be "more than a sheer possibility that a defendant has acted unlawfully." *Id.* While courts do not require "heightened fact pleading of specifics," a plaintiff must allege facts sufficient to "raise a right to relief above the speculative level." *See Twombly*, 550 U.S. at 555, 570.

In deciding whether the plaintiff has stated a claim upon which relief can be granted, the Court accepts the plaintiff's allegations as true and draws all reasonable inferences in favor of the plaintiff. *See Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987). However, the court is not required to accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *See In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008).

If the court dismisses the complaint, it "should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *See Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000). In making this determination, the court should consider factors such as "the presence or absence of undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party and futility of the proposed amendment." *See Moore v. Kayport Package Express*, 885 F.2d 531, 538 (9th Cir. 1989).

**DISCUSSION**

Chase moves to dismiss all three claims against it under HBOR, arguing that Nardolillo fails to allege sufficient facts for each.

**I.    SECTION 2924.17**

In his first claim, Nardolillo alleges that Chase violated Section 2924.17. This Section provides in relevant part:

> (a) . . . [A] notice of default, notice of sale, assignment of a deed of trust, or substitution of trustee recorded *by or on behalf of a mortgage servicer* in connection with a foreclosure subject to the

4

> requirements of Section 2924 . . . shall be accurate and complete and supported by competent and reliable evidence.
>
> (b) Before recording or filing any of the documents described in subdivision (a), a *mortgage servicer* shall ensure that it has reviewed competent and reliable evidence to substantiate the borrower's default and the right to foreclose, including the borrower's loan status and loan information.

Cal. Civ. Code § 2924.17(a)-(b) (emphasis added). Nardolillo alleges that Chase violated this Section when it had the July 2016 Notice of Trustee's Sale recorded as Chase had no right to foreclose because Chase never acquired rights to the DOT and Note from WaMu. Compl. ¶ 28. Assuming these allegations to be true, the Notice of Trustee's Sale would not be "accurate and complete and supported by competent and reliable evidence." Cal. Civ. Code § 2924.17(a).

Chase argues Nardolillo's argument isn't sufficiently supported by facts, but only by insufficient bare conclusions. The relevant allegations in the Complaint are:

> . . . Plaintiff alleges on information and belief that WaMu sold Plaintiff's DOT and Note to a mortgage-backed securitized trust. Plaintiff's securitization audit indicated Plaintiff's loan was possibly sold to the WaMu Mortgage Pass-Through Certificates Series 2004-AR12 trust – a real estate mortgage investment conduit ("REMIC") registered with the Securities and Exchange Commission ("SEC").
>
> . . .
> Plaintiff alleges on information and belief that his Note and DOT were not among the assets acquired by Chase through the PAA, having been sold and securitized to a trust pool a few years prior.

Compl. ¶¶ 12, 14. Chase criticizes plaintiff for his failure to allege who – if not Chase – owns the rights enforce the Note and DOT, and points out that plaintiff does not assert that some other entity is attempting to assert those rights (by seeking payments under the Note or attempting to foreclose on the DOT). Mot. 6. But plaintiff's Complaint identifies a particular REMIC that "possibly" owns those rights. These allegations are specific and sufficient at this juncture.

Chase also argues that plaintiff's submission of a loan modification application to Chase is an admission that Chase possesses rights to the Note and DOT. *Id.* However, Chase's argument – if accepted – would place homeowners with legitimate disputes as to the ownership of their mortgages in an untenable position. Absent case law support for this argument (Chase offers none), I will not find that applying for a loan modification to an entity who holds itself out as

having the right to service or enforce a mortgage bars a claim seeking to challenge those asserted rights.

Finally, Chase relies on the PAA, showing that Chase acquired WaMu's "assets" from the FDIC in 2008, as well as the recorded "Corporate Assignment," showing that plaintiff's DOT and Note were transferred to Chase by Chase (as the attorney in fact for the FDIC as receiver for WaMu). *Id*. According to Chase, these judicially noticeable documents and the absence of notices recorded by any other entity with respect to the Property establish that Chase "is of record with respect to the Property." Mot. 7. Plaintiff objects to any attempt to take judicial notice of the facts contained in these public records as true. He argues that the "truth" of whether Chase was entitled to sign the Corporate Assignment and whether plaintiff's Note and DOT were included with the scope of the PAA are contested and cannot be established through a request for judicial notice.

Chase's arguments are not well-taken on a motion to dismiss. As an initial matter, the PAA does not expressly cover plaintiff's Note and DOT. Chase points to no portion of the PAA to show that WaMu-funded REMICs (like the one Nardolillo contends owns his Note and DOT) were "WaMu assets" transferred to Chase for servicing or for any other purpose. Moreover, the fact that Chase has been an entity causing notices to be recorded with respect to the Property is significant, but does not by itself establish as an incontrovertible fact that Chase is "of interest" or otherwise entitled to enforce rights to the Note and DOT.[4]

In Reply, Chase argues that even if some entity other than Chase (*e.g.*, the REMIC) owns the interest in the Note and DOT, there are no facts to rebut Chase's position that it is a valid servicer of the loan who has standing to record mortgage foreclosure documents. Reply 3. Chase then criticizes plaintiff for not alleging facts showing that Chase *is not* a valid servicer on his mortgage. However, the Corporate Assignment relied on by Chase (and attacked as void by plaintiff) purports to give Chase *ownership* not just *servicing* rights to the DOT and Note. Moreover, this is a motion to dismiss. Nardolillo is not required to rebut fact-based arguments

---

[4] Nor does Chase establish by records or facts subject to judicial notice that it has been the *only* entity recording or causing such notices to be recorded.

6

made by Chase at this stage.

Chase's arguments may be persuasive on summary judgment, but they do not succeed on this motion to dismiss where Nardolillo has specifically identified the "entity" whom he contends actually owns the rights at issue.

## II.  SECTION 2923.6

Nardolillo alleges Chase violated Section 2923.6(c)'s "dual-tracking" prohibition by continuing to notice trustee's sale dates on the Property after he submitted a complete loan modification application. Compl. ¶¶ 22, 31. Section 2923.6(c) seeks to "prohibit deceptive and abusive home foreclosure practices," such as dual tracking. *Foronda v. Wells Fargo Home Mortgage, Inc.*, No. 14-cv-03513-LHK, 2014 WL 6706815, at *6 (N.D. Cal. Nov. 26, 2014). Dual tracking "occurs when a financial institution continues to pursue foreclosures even while evaluating a borrower's loan modification application." *Id.* (internal quotation marks and citation omitted). The prohibition on dual tracking is contained in Section 2923.6(c), which provides:

> If a borrower submits a complete application for a first lien loan modification offered by, or through, the borrower's mortgage servicer, a mortgage servicer, mortgagee, *trustee*, beneficiary, or authorized agent shall not *record* a notice of default or notice of sale, or *conduct* a trustee's sale, while the complete first lien loan modification application is pending.

Cal. Civ. Code § 2923.6(c) (emphasis added).

Chase argues that this claim must be dismissed because Nardolillo fails to allege a violation, much less a material violation of the statute. Mot. at 7-8; § 2924.12(a)(1) ("If a trustee's deed upon sale has not been recorded, a borrower may bring an action for injunctive relief to enjoin a *material* violation of Section . . . 2923.6[.]" (emphasis added)).

Chase points out that the last recorded Notice of Sale was recorded on July 7, 2016, before Nardolillo submitted his loan modification application on July 22, 2016. Compl. ¶¶ 20, 21; RJN, Ex. F. Chase argues, and I agree, that Nardolillo may not base his claim for violation of Section 2923.6 on the recording of this notice.

However, plaintiff also alleges that Chase has – after Nardolillo submitted his completed loan modification application – continued to notice new trustee's sale dates as evidence of Chase's

7

continuing attempts to pursue foreclosure while the modification application is pending. Compl. ¶ 21. Chase points out that no specific dates are alleged in support of that allegation, but the allegation is clear and specific enough.[5]

Chase also argues that the dual-tracking provision only prohibits recording of notices and conducting sales while the application is pending, but does not expressly cover notices simply continuing the dates for the planned trustee's sale. However, as Nardolillo points out, the purpose of the dual-tracking prohibition is to give homeowners some confidence that they will not have to battle foreclosure while their application is pending. *See, e.g., Jolley v. Chase Home Fin., LLC*, 213 Cal. App. 4th 872, 904 (2013), *as modified on denial of reh'g* (Mar. 7, 2013) (internal citations omitted); *see also Monterossa v. Superior Court of Sacramento Cty.*, 237 Cal. App. 4th 747, 752 (2015), *reh'g denied* (July 6, 2015) (citing *Jolley*). Chase provides no case law holding that re-noticing or otherwise resetting trustee sale dates and informing the mortgagee of the same while a loan modification application is under submission is not prohibited dual-tracking in violation of 2923.6. Plaintiff's allegations are sufficient on this point.

Chase next asserts that plaintiff has failed to allege facts showing that Section 2923.6's protections apply to the Property. Section 2923.6(j) provides that the provisions of 2923.6 only apply only to mortgages or deeds of trust described in Section 2924.15. Section 2924.15 explains that coverage is provided only for "first lien mortgages or deeds of trust that are secured by owner-occupied residential real property containing no more than four dwelling units. For these purposes, 'owner-occupied' means that the property is the principal residence of the borrower and is security for a loan made for personal, family, or household purposes."

Plaintiff alleges in his Complaint, however, that the Property is his "home" and that he submitted a "first lien" loan modification to Chase. Compl. ¶¶ 2, 21. Chase is correct that there are no additional facts alleged to establish that the Property contains no more than four dwelling units or that the security was for a loan made for personal, family, or household purposes. Chase

---

[5] In his Opposition, Nardolillo asserts that he was notified by Chase that the trustee's sale was reset to September 22, 2016, October 26, 2016, February 27, 2017, and most recently to April 28, 2017. Oppo. 6-7.

8

thinks these "omissions" are significant because according to a website that Chase *does not* ask the Court to take judicial notice of, Chase believes the Property is being operated as a vineyard under the name of "White Crane Winery." Mot. 9.

Plaintiff responds that no such affirmative facts are required to be stated in order to plead a claim under HBOR and points out that Chase cites no authority in support. Plaintiff could, however, amend to confirm the facts Chase claims are missing regarding residence, fewer than four residential units, and security for personal, family, or household purposes. Oppo. at 10.

I conclude that at this juncture plaintiff has made a sufficient showing that 2923.6 applies; a showing that has not been undermined by facts or evidence from defendant of which I am able to take judicial notice.

### III.  WRONGFUL FORECLOSURE

Plaintiff alleges that Chase did not and does not have the authority to initiate foreclosure proceedings, to demand payment under the Note, or maintain a lien on the DOT. Compl. ¶ 33. Plaintiff styles this claim as one for "wrongful foreclosure" and in violation of California Civil Code § 2924(a) which allows only the "holder of beneficial interest" under the DOT to initiate foreclosure proceedings.

Chase moves to dismiss, arguing that this cause of action is premature unless a foreclosure has already occurred. Mot. 9. However, courts in this District have allowed wrongful foreclosure claims to proceed prior to foreclosure where plaintiffs challenge defendants' ability to record notices of default that "threaten" foreclosure. *See, e.g., Barrionuevo v. Chase Bank, N.A.*, 885 F. Supp. 2d 964, 974 (N.D. Cal. 2012) ("insofar as Plaintiffs contend that the Notice of Default is invalid due to a lack of authority to foreclose, their wrongful foreclosure claim is similar to those advanced" in other cases and allowed to proceed); *Tamburri v. Suntrust Mortg., Inc.*, No. C-11-2899 EMC, 2011 WL 6294472, at *14 (N.D. Cal. Dec. 15, 2011). The HBOR section relied on by Nardolillo in support of this claim – Section 2924(a) – provides that "[n]o entity shall record or cause a notice of default to be recorded or otherwise initiate the foreclosure process unless it is the holder of the beneficial interest under the mortgage or deed of trust." Cal. Civ. Code § 2924(a). That is exactly the factual theory Nardolillo advances here.

9

1  Chase also argues that in order to state a claim for wrongful foreclosure, plaintiff must allege he has tendered the outstanding balance. Mot. 9. However, a plaintiff may be excused from tendering in certain circumstances, including when: "(1) the underlying debt is void, (2) the foreclosure sale or trustee's deed is void on its face, (3) a counterclaim offsets the amount due, (4) specific circumstances make it inequitable to enforce the debt against the party challenging the sale, or (5) the foreclosure sale has not yet occurred." *Chavez v. Indymac Mortgage Servs.*, 219 Cal. App. 4th 1052, 1062 (2013). Here, plaintiff argues that any foreclosure proceedings are not merely voidable but void because Chase lacks the right to pursue them. Moreover, "a growing number of federal courts have explicitly held that the tender rule only applies in cases seeking to set aside a completed sale, rather than an action seeking to prevent a sale in the first place." *Barrionuevo v. Chase Bank, N.A.*, 885 F. Supp. 2d 964, 969 (N.D. Cal. 2012); *see also Bergman v. Bank of Am.*, No. 13-cv-00741-JCS, 2013 WL 5863057, at *22 (N.D. Cal. Oct. 23, 2013) (collecting cases). There is no need to allege tender given the posture of this case.

At this juncture, given the allegations asserted, the wrongful foreclosure claim may proceed.

## CONCLUSION

For the foregoing reasons, Chase's motion to dismiss is DENIED. A further Case Management Conference is set for May 16, 2017 at 2:00 p.m. in Courtroom 2. The Joint Case Management Statement is due May 9, 2017.

**IT IS SO ORDERED.**

Dated: April 26, 2017

William H. Orrick
United States District Judge

10